UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY PISTOLE,<br><br>　　　　　Plaintiff,<br>　vs.<br>WELLS FARGO BANK, N.A.,<br><br>　　　　　Defendant. | CASE NO. 13cv2735 WQH (BGS)<br><br>ORDER |

HAYES, Judge:

　　　The matter before the Court is the Motion to Proceed in Forma Pauperis ("Motion to Proceed IFP") filed by Plaintiff Billy Pistole. (ECF No. 2).

　　　On November 14, 2013, Plaintiff, proceeding pro se, initiated this action by filing the Complaint (ECF No. 1) and the Motion to Proceed IFP (ECF No. 2). The Complaint purports to assert claims pursuant to the Truth in Lending Act, 15 U.S.C. § 1601 et seq., Fair Debt Collection Practices Act, 15 U.S.C. § 1692, the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2605, and Regulation X, 24 C.F.R. § 3500 et seq.

**I.　Motion to Proceed IFP**

　　　All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a); S.D. Cal. Civ. L.R. 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma

1  pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177
2  (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v.*
3  *Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

4  In his affidavit, Plaintiff states that he is employed and his take-home pay is
5  $2,100.00 per month. Plaintiff states that he also receives additional income on an
6  "unreliable" basis, and expects "$800.00 for the remainder of the month." Plaintiff
7  states that he has a single bank account with a balance of $100.00. Plaintiff owns a
8  1997 Lincoln Navigator, and owns no other assets of value. Plaintiff has regular
9  monthly expenses as follows: $2,500.00 in rent, $600.00 in utilities, $800.00 in gas, and
10 $500.00 in food. In addition, Plaintiff pays $1,056.00 per month for a car loan, and
11 owes the Internal Revenue Service $75,000.00. Plaintiff has four children, and
12 contributes 100% in support. (ECF No. 2 at 1).

13 The Court has reviewed Plaintiff's affidavit and finds that it is sufficient to show
14 that Plaintiff is unable to pay the fees or post securities required to maintain this action.
15 The Court grants the Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

16 **II.   Initial Screening of Complaint**

17 A complaint filed by any person proceeding in forma pauperis pursuant to 28
18 U.S.C. § 1915(a) is also subject to mandatory review and sua sponte dismissal to the
19 extent it "is frivolous or malicious; fails to state a claim on which relief may be granted;
20 or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.
21 § 1915(e)(2)(B)(i)-(iii); *see Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en
22 banc). Upon review of the allegations in the Complaint, the Court finds they are
23 sufficient to satisfy the requirements of section 1915(e)(2)(B). *See Teahan v. Wilhelm*,
24 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) ("[T]he sua sponte screening and dismissal
25 procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6)
26 motion that the defendant may choose to bring.").
27 ///
28 ///

**III.   Conclusion**

IT IS HEREBY ORDERED that the Motion to Proceed IFP (ECF No. 2) is GRANTED. The Clerk of Court shall issue a summons and provide Plaintiff with the summons, certified copies of both this Order and the Complaint, and a blank U.S. Marshal Form 285. Plaintiff shall complete the U.S. Marshal Form 285, and forward the Form 285 and the designated copies of this Order and the Complaint to the U.S. Marshal. The U.S. Marshal shall serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the U.S. Marshal Form 285.

DATED:  November 20, 2013

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge